**VACATE and DISMISS; and Opinion Filed July 29, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00014-CV

**BURLINGTON RESOURCES OIL & GAS COMPANY LP, Appellant**
**V.**
**VERDE MINERALS, LLC, LIGHTHOUSE MANAGEMENT GROUP, INC.,**
**AND DAVID WEINER, ANCILLARY RECEIVER, Appellees**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-13916**

## MEMORANDUM OPINION
Before Chief Justice Wright and Justices Brown and Stoddart
Opinion by Chief Justice Wright

This is an interlocutory appeal from the trial court's order overruling a motion to vacate an order appointing a receiver to serve ancillary to a primary receivership in Minnesota. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(2) (West 2015). The order appointing the primary receiver was appealed in Minnesota. On May 18, 2015, the Minnesota Court of Appeals issued its opinion holding that the general receivership was void for lack of subject matter jurisdiction. *See In re: Receivership of United States Installment Realty Co.*, No. 27-CV-13-4154, 2015 WL 2341539 (Minn. App.—May 18, 2015). The time to appeal that decision has passed. In its appellate brief filed on June 5, 2015, appellee Verde Minerals, LLC (Verde) acknowledged that the decision of the Minnesota Court of Appeals means the ancillary receivership order should be vacated and the case dismissed for lack of jurisdiction.

In light of the ruling by the Minnesota appellate court, Burlington Resources Oil & Gas Company LP (Burlington) has filed a motion to expedite entry of judgment and mandate in this appeal. In its motion, Burlington requests that we vacate the Dallas ancillary receivership for lack of subject matter jurisdiction, vacate all orders entered in the ancillary receivership, void all deeds and ratifications signed by the ancillary receiver, direct Verde to take action to reverse its filing of those void deeds and ratifications in the public records, and award it its costs. In its response, Verde agrees this Court should vacate the order granting the ancillary receivership. However, Verde contends that this Court cannot direct it to take action to reverse its filing of those void deeds and ratifications in the public records. We agree with Verde.

Texas Rule of Appellate Procedure 43.2 provides the types of judgments this Court has authority to enter:

    (a) affirm the trial court's judgment in whole or in part;

    (b) modify the trial court's judgment and affirm it as modified;

    (c) reverse the trial court's judgment in whole or in part and render the judgment that the trial court should have rendered;

    (d) reverse the trial court's judgment and remand the case for further proceedings;

    (e) vacate the trial court's judgment and dismiss the case; or

    (f) dismiss the appeal.

TEX. R. APP. P. 43.2. Although this rule allows us to vacate the trial court's judgment and dismiss the case, it does not allow us to direct a party to take actions in accordance with the vacatur.

We grant Burlington's motion to the extent we vacate the trial court's December 17, 2013 order appointing ancillary receiver and dismiss the case.  *See* TEX. R. APP. P. 43.2(e).

/Carolyn Wright/

CAROLYN WRIGHT
CHIEF JUSTICE

150014F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

BURLINGTON RESOURCES
OIL & GAS COMPANY LP, Appellant

No. 05-15-00014-CV        V.

VERDE MINERALS, LLC, LIGHTHOUSE
MANAGEMENT GROUP, INC.,
AND DAVID WEINER,
ANCILLARY RECEIVER, Appellees

On Appeal from the 101st Judicial District
Court, Dallas County, Texas.
Trial Court Cause No. DC-13-13916.
Opinion delivered by Chief Justice Wright.
Justices Brown and Stoddart, participating.

In accordance with this Court's opinion of this date, the trial court's December 17, 2013 order appointing ancillary receiver is **VACATED** and this case is **DISMISSED**.

It is **ORDERED** that appellant BURLINGTON RESOURCES OIL & GAS COMPANY, LP recover its costs of the appeal from appellees VERDE MINERALS, LLC, LIGHTHOUSE MANAGEMENT GROUP, INC., AND DAVID WEINER, ANCILLARY RECEIVER.

Judgment entered this 29th day of July, 2015.